IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
WINCHESTER DIVISION

KRISTAN HOLIDAY,

    Plaintiff,                  Case No.

v.

                                     JURY DEMAND

NESCO RESOURCE, LLC,

    Defendant.
_____/

## COMPLAINT

Plaintiff, Kristan Holiday, applied for a job placement with Nesco Resource, LLC ("Nesco"). After initially offering her placement, Nesco revoked its offer once Ms. Holiday disclosed that she was pregnant. Nesco failed to hire Ms. Holiday based on her sex, female, and her status as a pregnant woman. Thus, Ms. Holiday brings this Complaint for violations of Title VII of the Civil Rights Act of 1963 and the Tennessee Human Rights Act.

## PARTIES

1. Plaintiff, Kristan Holiday, ("Ms. Holiday") is a citizen and resident of Franklin County, Tennessee. Plaintiff applied for a job placement by Defendant at its location in Shelbyville, Tennessee.

2. Defendant Nesco Resource, LLC ("Nesco") is a limited liability company, and at all times material to this action, was an employer within the meaning of Title VII and the THRA.

## JURISDICTION AND VENUE

3. This is an action for unlawful employment practices brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq*. ("Title VII") (Count I) and the Tennessee Human Rights Act ("THRA"), T.C.A. §4-21-101, *et seq*. (Count II).

1

4. The Court has jurisdiction under 28 U.S.C. §§ 1331, 1343(a)(4), and 1367(a). Venue is proper under 28 U.S.C. § 1391.

5. Plaintiff complied with all conditions precedent to the filing of her claims pursuant to 42 U.S.C. §§ 2000e *et seq.*, to wit: a charge of discrimination was filed with the Equal Employment Opportunity Commission ("EEOC") within 300 days of the unlawful employment practice; 180 days have passed since the filing of her charge of discrimination, a right to sue letter has been issued, and thus, the charge prerequisites have been satisfied.

**FACTS**

6. On November 17, 2021, Ms. Holiday responded to an online advertisement for a production job through Nesco. She spoke with Melissa York, Nesco's recruiter, by phone. Ms. York asked Ms. Holiday to come into the office to apply for a position that day.

7. On November 17, 2021, she went to Nesco's Shelbyville office to apply in person.

8. Ms. York initially helped Ms. Holiday find and apply for a suitable position for a manufacturing job in Tullahoma, Tennessee.

9. After filling out her application, Ms. Holiday completed a drug test and filled out a W-4 form and direct deposit slip.

10. The next day, November 18, 2021, Ms. York called Ms. Holiday and told her the Tullahoma position was no longer available, but she could place Ms. Holiday in a different job in Shelbyville, Tennessee. Ms. Holiday agreed to this placement.

11. During the call, Ms. Holiday also mentioned that she was pregnant. As soon as she told Ms. York, Ms. York responded that she could not hire a pregnant person and that if she had known Ms. Holiday was pregnant, she never would have had her apply for a placement.

12. On November 22, 2021, Ms. Holiday called Ms. York back and asked if she would

reconsider hiring. Ms. York reiterated that she would not hire a pregnant person.

13. On December 9, 2021, Ms. Holiday called Ms. York a final time to ask her to reconsider placing her, as her pregnancy did not preclude her from doing the type of work she had applied for. Ms. York said no, and Ms. Holiday should call back after she had her baby.

## COUNT I
## VIOLATION OF TITLE VII – SEX & PREGNANCY DISCRIMINATION

14. Plaintiff restates and incorporates herein the foregoing paragraphs.

15. Title VII defines "because of sex" or "on the basis of sex" as follows:

> The terms "because of sex" or "on the basis of sex" include, but are not limited to, because of or on the basis of pregnancy, childbirth, or related medical conditions; and women affected by pregnancy, childbirth, or related medical conditions shall be treated the same for all employment-related purposes, including receipt of benefits under fringe benefit programs, as other persons not so affected but similar in their ability or inability to work, and nothing in section 2000e–2 (h) of this title shall be interpreted to permit otherwise.

42 U.S.C. § 2000e(k).

16. Plaintiff was subjected to disparate treatment in the terms and conditions of her job application in the Defendant's workplace because of her sex, female.

17. Plaintiff was subject to disparate terms and conditions of employment that other similarly situated males and non-pregnant job applicants were not subject to.

18. Plaintiff was qualified for the position for which she applied.

19. Plaintiff was denied employment because of her status as a pregnant female.

20. As a direct and proximate result of Defendant's unlawful acts, Plaintiff suffered and continues to suffer emotional pain, suffering, professional and personal embarrassment, humiliation, inconvenience, lost earnings and benefits.

3

21. As a result, Plaintiff is entitled to recover her damages, including lost wages and benefits, compensatory and punitive damages, attorneys' fees, costs, interest, reinstatement, front pay and benefits, and any other legal and equitable relief to which she may be entitled.

## COUNT II
## THRA – Sex and Pregnancy Discrimination

22. Plaintiff restates and incorporates herein the above paragraphs in their entirety.

23. Plaintiff was subjected to disparate treatment in the terms and conditions of her job application at the Defendant's workplace because of her sex, female, and in particular, her pregnancy.

24. Plaintiff was subject to disparate terms and conditions of employment that other similarly situated males and non-pregnant job applicants were not subject to.

25. Plaintiff was qualified for the position for which she applied.

26. As a direct and proximate result of Defendant's unlawful acts, Plaintiff suffered and continues to suffer emotional pain, suffering, professional and personal embarrassment, humiliation, inconvenience, lost earnings and benefits.

27. As a result, Plaintiff is entitled to recover her damages, including lost wages and benefits, compensatory and punitive damages, attorneys' fees, costs, interest, reinstatement, front pay and benefits, and any other legal and equitable relief to which she may be entitled.

## RELIEF REQUESTED

Plaintiff respectfully requests:

1. A jury trial;

2. Judgment in favor of Plaintiff and against Defendant on all counts in this action;

3. Back pay and damages for lost benefits or actual costs;

4. Reinstatement or front pay;

4

5. Compensatory damages for embarrassment, humiliation, stress, anxiety, inconvenience, and loss of enjoyment of life;

6. Punitive damages;

7. Attorneys' fees and expenses;

8. Prejudgment interest and, if applicable, post-judgment interest; and

9. Such other and further legal or equitable relief to which he may be entitled.

Respectfully submitted,

*/s Heather Moore Collins*
Heather Moore Collins BPR # 026099
Caroline Drinnon BPR # 037016
Ashley Shoemaker Walter BPR # 037651
HMC Civil Rights Law PLLC
7000 Executive Center Drive, Suite 320
Brentwood, TN 37027
615-724-1996
615-691-7019 FAX
heather@hmccivilrights.com
caroline@hmccivilrights.com
ashley@hmccivilrights.com

*Attorneys for Plaintiff*